JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Assistant United States Attorney
Chief, Civil Division
DOUGLAS K. CHANG (SBN HI2922)
Assistant United States Attorney
  450 Golden Gate Avenue, Box 36055
  San Francisco, CA 94102
  Tel. No. (415) 436-6985
  Fax. No. (415) 436-7169

Attorneys for Defendant
U. S. Department of Education

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORA J. SINGLETARY,            )<br>                                                  )<br>              Plaintiff,              )<br>                                                  )<br>         v.                                    )<br>                                                  )<br>U.S. DEPARTMENT OF EDUCATION, )<br>                                                  )<br>              Defendant.           )<br>_____) | Case No. C 08-01139 WHA<br><br>**UNITED STATES' CASE<br>MANAGEMENT STATEMENT**<br><br>Date: July 3, 2008<br>Time: 11:00 a.m.<br>Courtroom: No. 9<br>Judge: William Alsup |

Pursuant to the Court's Civil Local Rule 16-9(a), the United States of America, for itself and on behalf of its agency, the U.S. Department of Education (Education), submits its Case Management Statement.

**OVERVIEW**

Although not at all clear, the Plaintiff's complaint appears to be seeking declaratory relief for a determination that she is no longer indebted to Education for her 1983[1] student loan debt because it was allegedly dismissed in 1984 in an unrelated criminal case. The complaint also appears to seek a return of the Plaintiff's tax refunds in the amount of $5,618.50, which funds were previously

---

[1] The 's complaint alleges she took out her student loan in 1982, but Education's records indicate the loan was actually taken out in 1983. For example, Plaintiff signed her promissory note on or about February 15, 1983.

intercepted after Plaintiff's 1983 student loan debt was allegedly dismissed.

## 1. JURISDICTION AND SERVICE

The basis for the court's subject matter jurisdiction over the Plaintiff's action for declaratory relief may be found under 28 U.S.C. § 2201(a), 20 U.S.C. § 1082(a)(2), 5 U.S.C. § 702, or 26 U.S.C. § 6402(f). The basis for the court's subject matter jurisdiction over the Plaintiff's claim for a return of her intercepted tax refunds may be found under 28 U.S.C. § 1346(a)(2) or 31 U.S.C. 3720A(e). The basis for the court's subject matter jurisdiction over the United State's anticipated counterclaim to reduce the Plaintiff's approximately $1,667 remaining student loan debt to judgment may be found under 28 U.S.C. § 1345.

## 2. FACTS

On or about February 16, 1983, Plaintiff borrowed a student loan under the Federal Family Education Loan Program (FFELP) in the amount of $2,347.92 from Gem City Savings & Loan, at 9% interest per annum, to attend John Wood Community College. This loan obligation was guaranteed by the Illinois Student Assistance Commission (ISAC), and reinsured by Education. The Plaintiff defaulted on her student loan debt on or about June 30, 1984, and the loan was eventually assigned to Education on or about January 9, 1991.

Since 1991, Education has collected part of the loan plus accrued interest through wage garnishments and offset of the Plaintiff's tax refunds as permitted under the Debt Collection Act of 1982 and the Debt Collection Improvement Act of 1996. As of June 19, 2008, the Plaintiff still owed $1,667 on her 1983 student loan debt, and interest continues to accrue at the stipulated 9% promissory note rate.

Previously, on or about June 30, 1975, Plaintiff was convicted by a jury in the United States District Court for the Southern District of Illinois under case no. S-CR-75-29 for, among other crimes, conspiracy to possess and transfer sawed-off shotguns. Plaintiff was sentenced on September 5, 1975 to one year in prison and five years of probation. Plaintiff was not ordered to pay any restitution in her criminal case. After serving her time in prison, Plaintiff was placed on probation.

During her probation, Plaintiff was found to have violated the terms and conditions of her

probation twice, once on November 17, 1982, and a second time on October 31, 1984. According to the October 31, 1984 docket sheet entry for Plaintiff's second probation violation hearing, the district judge found that Plaintiff was not in a position to make restitution now or in the near future. No further mention was made of the restitution in the docket sheet, nor was any mention made of the restitution in the court's written order dated October 31, 1984, finding that Plaintiff had violated her probation.

Based on the October 31, 1984 docket sheet entry, Plaintiff now appears to be asserting that the district judge dismissed her 1983 student loan debt when he found that she was not in a position to make restitution even though the student loan debt was completely unrelated to any restitution that could have conceivably been imposed in her 1975 criminal case, and even though no such dismissal ruling appeared in the court's written order regarding her probation violation.

### **3. LEGAL ISSUES**

a. To the extent that Plaintiff's complaint may be construed as a request for injunctive relief, sovereign immunity has not been waived for injunctive relief against Education. 20 U.S.C. § 1082(a)(2).

b. Plaintiff asserts that the district court judge at her 1984 probation violation hearing dismissed her 1983 student loan debt when he found at the time of the hearing that Plaintiff was not in a position to make restitution now or in the near future. United States believes that Plaintiff completely misconstrues the legal effect of the district court's finding regarding her inability to make restitution. The fact that Plaintiff was unable to make restitution in her criminal case had, and continues to have, no affect on her liability for her 1983 student loan debt.

c. Plaintiff maintains that Education improperly intercepted her tax refunds to apply toward her student loan debt that were allegedly dismissed in 1984. United States maintains that Plaintiff's student loan was never dismissed in 1984.

d. United States believes that it is entitled to a monetary judgment on its anticipated counterclaim against Plaintiff for her unpaid student loan debt. Plaintiff presumably will oppose such counterclaim on the grounds that her debt was previously dismissed in 1984.

### 4. MOTIONS

The United States has not filed any motions to date, but does anticipate filing a Rule 12(e)[2] motion for more definite statement (to confirm exactly what relief is being sought by the Plaintiff) and/or Rule 12(b)(1) and (6) motions to dismiss prior to its answer due date. United States is not aware of any motions filed by Plaintiff.

### 5. AMENDMENT OF PLEADINGS

United States has not yet filed its responsive pleading to the complaint.

### 6. EVIDENCE PRESERVATION

United States has requested Education to preserve evidence relevant to Plaintiff's 1983 student loan debt.

### 7. DISCLOSURES

United States intends to make its Rule 26(a)(1) initial disclosures within 14 days after the Rule 26(f) discovery conference.

### 8. DISCOVERY

United States intends to serve discovery to insure that Plaintiff has disclosed or otherwise turned over all relevant and pertinent documents in her custody, possession, or control.

### 9. CLASS ACTION

Not applicable.

### 10. RELATED CASES

United States is not aware of any related cases.

### 11. RELIEF

Although not at all clear, it appears that Plaintiff is seeking declaratory and monetary relief. It is also conceivable that Plaintiff may also be seeking some kind of injunctive relief.

Through its anticipated counterclaim, United States seeks a monetary judgment against Plaintiff in the amount of her unpaid student loan debt, currently $1,667 as of June 19, 2008, plus

---

[2] Unless otherwise noted, all references to "Rule" are to the Federal Rules of Civil Procedure.

interest.

## 12. SETTLEMENT AND ADR

United States does not believe prospects for settlement are good. When settlement possibilities were broached with the Plaintiff, she responded that she wanted the court to decide her complaint.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff had previously refused to consent to proceed before a magistrate judge.

## 14. OTHER REFERENCES

United States does not believe this case is suitable for reference to binding arbitration.

## 15. NARROWING OF ISSUES

To narrow the issues or dispose of the case in its entirety, United States does anticipate filing a Rule 12(e) motion for more definite statement, Rule 12(b)(1) and (6) motions to dismiss, and, in the alternative, a Rule 56 motion for summary judgment.

## 16. EXPEDITED SCHEDULE

United States believes this case will be disposed of through either a Rule 12(b)(1) or (6) motion to dismiss or Rule 56 motion for summary judgment.

## 17. SCHEDULING

To avoid potentially unnecessary costs of discovery and trial preparation to both parties, the United States suggests that rather than set discovery and trial dates, the Court should continue the Case Management Conference to permit the Plaintiff to file an amended complaint to more clearly set forth her claims for relief and the factual and legal basis for such claims, and to permit the United States to then file Rule 12(b)(1) and/or (6) motions to dismiss, and, in the alternative, a Rule 56 motion for summary judgment.

## 18. TRIAL

If necessary, the United States believes the case will be tried to the court and expects the trial to last no more than half a day.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Not applicable to United States, per CLR 3-16(a).

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 26, 2008       By:   /s/ Douglas K. Chang
                                 DOUGLAS K. CHANG
                                 Assistant U. S. Attorney